UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60049-CR-ROSENBAUM/MATTHEWMAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROGERIO CHAVES SCOTTON,
a/k/a Roger Scotton,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [D.E. 146]**

This matter is before this Court on Defendant Rogerio Chaves Scotton's latest Motion to Dismiss Indictment [D.E. 146]. The Court has carefully reviewed Scotton's Motion and the record and is duly advised in the premises. For the reasons set forth below, the Court denies Scotton's Motion.

Defendant was indicted in this case on March 8, 2012. *See* D.E. 3. As set forth in the subsequently returned Second Superseding Indictment [D.E. 94], Defendant is charged with twenty-seven counts of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of making a false statement to the Department of Homeland Security, in violation of 18 U.S.C. § 1001(a)(2).

The mail-fraud charges arise out of Defendant's businesses, Brazil Express Import and Export and Sky Air Express, which, according to the Second Superseding Indictment, offered consumer goods for sale online. *See* D.E. 94 at ¶¶ 11, 13. The Second Superseding Indictment further alleges that Defendant used false information to open shipping accounts with FedEx, DHL,

and UPS under names and addresses other than his own and then employed these fraudulently created accounts to ship thousands of packages sold by his businesses without paying FedEx, DHL, and UPS for their shipping services. *Id.* at ¶ 22.

Count 28 of the Second Superseding Indictment charges that Defendant falsely represented on his I-485 Application, that he was living with a Cuban who was admitted and paroled into the United States after January 1, 1959, and that Defendant's date of last arrival in the United States was April 13, 1992, when, in actuality, Defendant was not residing with a Cuban admitted and paroled into the United States after January 1, 1959, and he last arrived in the United States after April 2, 2008. *See* D.E. 94 at Count 28. Similarly, Count 29 asserts that Defendant falsely represented to an officer of the United States Citizenship and Immigration Services that he was living with an individual with the initials A.M., when, in truth and in fact, he was not.

*Procedural History*

On March 16, 2012, Defendant had his initial appearance in this matter. *See* D.E. 8. Attorney John Howe entered his Notice of Temporary Appearance at that time. *See* D.E. 6. Six days later, on March 22, 2012, the Court held a status conference and directed a report regarding counsel, and Attorney Jonathan S. Friedman filed his Notice of Temporary Appearance for Defendant. *See* D.E. 13. During the March 22, 2012, status conference, Defendant requested that his pretrial detention hearing that had also been scheduled for the same day be reset for March 29, 2012. *See* D.E. 14.

On March 29, 2012, the Court conducted a detention hearing in this matter and ordered detention. *See* D.E. 15; D.E. 16. Attorney Friedman then entered a permanent Notice of Appearance on April 5, 2012, the same day that Defendant was arraigned. *See* D.E. 17; D.E. 18.

On April 13, 2012, Defendant filed his objections to the Honorable Lurana S. Snow's

Detention Order. *See* D.E. 26. The Honorable Kathleen M. Williams held a hearing on Defendant's objections on May 10, 2012, and subsequently declined to grant Defendant a bond. *See* D.E. 33, D.E. 35, D.E. 42, D.E. 43.

On May 23, 2012, Defendant filed his Motion to Continue Trial Date [D.E. 34], in which he requested that the Court remove his case from the trial calendar beginning June 4, 2012, and grant an undefined continuance because discovery was "somewhat voluminous," and counsel required additional time to prepare for trial. *See id.* In support of his Motion to Continue Trial Date, Defendant filed a written Waiver of Speedy Trial. *See* D.E. 41. Judge Williams granted Defendant's Motion and reset his case for the trial period beginning August 27, 2012. *See* D.E. 35, D.E. 37.

Defendant fired Friedman and replaced him with Attorney Robert E. Abreu on June 4, 2012. *See* D.E. 39, D.E. 40. About seven weeks later, on July 27, 2012, Abreu moved to withdraw as counsel for Defendant on the basis that Defendant was not paying the costs of defending him. *See* D.E. 48; *see also* D.E. 61 (Defendant's letter complaining about Abreu). The Court granted the Motion and appointed the Federal Public Defender to represent Scotton. *See* D.E. 55.

Accordingly, on August 14, 2012, Chantel Doakes, Assistant Federal Public Defender, entered her appearance on behalf of Defendant. *See* D.E. 58. Two days later, Defendant moved to continue the August 27, 2012, trial setting so counsel would have sufficient time to review the "voluminous" discovery and prepare for trial in the case. *See* D.E. 60. The Court conducted a hearing on Defendant's Motion for Continuance and granted it, resetting the case for trial on the Court's January 28, 2013, trial calendar, based on counsel's estimate of time required to investigate the case and prepare for trial. *See* D.E. 62.

On November 7, 2012, Defendant filed a letter with the Court requesting that the Federal Public Defender be replaced with a different attorney because Defendant disagreed with Doakes's

advice and strategy and because he spent a lot of "time fighting with" Doakes. *See* D.E. 64. The Court held a sealed hearing on Defendant's request and granted it on November 16, 2012, cautioning Defendant that he had an obligation to cooperate with counsel and to assist in his defense and that if he failed to do so, he could find himself representing himself. *See* D.E. 66. That same day, the Court appointed Attorney Lance Armstrong to represent Defendant in this case. *See id*.

But, once again, Defendant could not get along with his attorney. Therefore, on December 31, 2012, Armstrong moved to withdraw from his representation of Defendant. *See* D.E. 68. In explaining the basis for his motion, Armstrong recounted that he had met three times with Defendant and that "[a]t each of those meetings the Defendant became hostile, verbally abusive, and began shouting at . . . counsel; subsequently ending two of the meetings by walking out and terminating the meeting." *Id.* at ¶ 3. The Court held a hearing on Armstrong's Motion to Withdraw and again warned Defendant of his obligation to cooperate with counsel and to assist in his defense, reminding Defendant that his behavior to that date could warrant the Court's declining to appoint new counsel in the case. Ultimately, however, the Court did appoint new counsel — Stuart Adelstein, and advised Defendant that this was Defendant's last chance for appointed counsel and that he was required to cooperate with counsel and to assist in his defense. *See* D.E. 70.

On January 10, 2013, the Court held a status conference to ascertain when new counsel could be ready to try this case. Counsel advised that, due to the volume of discovery and prior work commitments, he could not be ready to try the case until August 26, 2013. Defendant reluctantly agreed to the requested continuance. Accordingly, the Court set this matter for trial for the trial calendar beginning August 26, 2013.

On June 26, 2013, however, Adelstein filed his Motion to Withdraw [D.E. 83]. In his Motion to Withdraw, Adelstein stated that, during a recent meeting, Defendant had become "very agitated

and began to shout at [Adelstein], pointed his finger in [Adelstein's] face in a threatening manner, and walked out of the interview room after telling counsel to "Go f. . . . yourself!" *See id.* at ¶ 9. And, although Defendant later called counsel's office to apologize, a few days later, Defendant again became "verbally abusive to the point that" Adelstein terminated a meeting that he and his investigator were having with Defendant at that time. *Id.* at ¶ 11. The Honorable William Matthewman held a hearing on Adelstein's Motion and declined to grant it. *See* D.E. 87.

Less than a month later, however, Adelstein filed his Renewed Motion to Withdraw [D.E. 96]. In this Motion, Adelstein asserted that at a July 22, 2013, meeting with Defendant and the case investigator, Defendant "got very belligerent and loud and said, 'I don't want you as my lawyer. I'm going to sue you and if the lawsuit does not resolve this issue, I have other ways.'" *Id.* at ¶ 8. Once again, Judge Matthewman held a hearing on the Motion. *See* D.E. 101. This time, however, the Court granted the Motion, finding that Defendant was competent, noting that Defendant had, in fact, filed suit against Adelstein on July 19, 2013, and concluding that Defendant's claims against Adelstein in the pending matter were "meritless and frivolous." *See* D.E. 102 at 2-3.

Based on Defendant's repeated "refusal to cooperate with his appointed attorney," Judge Matthewman concluded that "no 'good cause' [existed] to appoint substitute counsel, especially in this case, where Mr. Adelstein is the sixth attorney to represent Defendant. Defendant has apparently not been able to get along with any of his prior attorneys, and, if the Court were to appoint a seventh attorney to represent Defendant, the Court is certain that Defendant would soon move to discharge that attorney." *Id.* at 3-4. Consequently, the Court concluded that appointing new counsel at this point "would be futile" and held a *Faretta* hearing with Defendant, advising Defendant that, through his conduct, he had waived his right to counsel under *United States v. Garey*, 540 F.3d 1253 (11th Cir. 2008) (*en banc*). *Id.* at 4. Although the Court declined to appoint a seventh attorney to

represent Defendant, the Court nonetheless appointed Adelstein as stand-by counsel. *See id.* at 5.

After further consideration, however, on July 29, 2013, Judge Matthewman removed Adelstein as stand-by counsel, in light of Defendant's pending lawsuit against him and again appointed the Federal Public Defender to the case, this time to serve as stand-by counsel. *See* D.E. 108. On August 13, 2013, Doakes moved to withdraw as stand-by counsel. *See* D.E. 127. In her Motion, Doakes recounted that Defendant had threatened to sue Doakes and the Federal Public Defender's Office unless Doakes reported her "prior 'corrupt mishandling' of the case pa[id] him $10 million." *See id.* Judge Matthewman held a hearing on the Motion on August 16, 2013, and granted it. *See* D.E. 138, D.E. 139. Accordingly, Defendant currently represents himself, and no one is serving as stand-by counsel.

On August 21, 2013, the Court held a Calendar Call in this matter. *See* D.E. 141. Defendant represented himself and complained that he had not been given any discovery. In response, however, Doakes advised the Court that she had, in fact, provided Defendant with all discovery and that she and her investigator had attempted to review discovery with Defendant. Indeed, Federal Public Defender's Office Investigator Perez testified under oath that she had gone to the jail to review the discovery with Defendant, and he refused to look at some of the materials, but she and Doakes had nonetheless provided the materials to him prior to Doakes's termination from the case in November 2012. Similarly, Adelstein stated that he went to review materials with Defendant, and Defendant informed Adelstein that he had already reviewed the materials and did not wish to review them again. According to Adelstein, he left the materials with Defendant. After hearing from Defendant, Doakes, Perez, and Adelstein, this Court concluded that Defendant was not credible, and Doakes, Perez, and Adelstein were, and Defendant had, in fact, been provided with discovery in this case.

Nevertheless, at the direction of Judge Matthewman, Doakes and Adelstein brought all

materials that they had — and Adelstein made copies of CDs that he had previously provided to Defendant — to Court on August 21, 2013. In the Court's presence, the materials were turned over again to Defendant. Defendant then requested the opportunity to review the materials prior to trial, so the Court arranged for Defendant to review the materials at the courthouse. As of August 26, 2013, Defendant informed the Court that he would require at least one additional week to review the materials sufficiently to be prepared for trial. Accordingly, the Court arranged for Defendant to continue his review.

*The Pending Motion*

On August 26, 2013, Scotton filed a seven-page "Motion to Dismiss Indictment on a Violation of Attorney and Client Privacy and Confidentiality or Alternatively for a [sic] Evidentiary Hearing [D.E. 146]. This "motion" is essentially a rambling diatribe on Adelstein and his alleged failures to provide Defendant with discovery, among other supposed shortcomings. *See id.* At the end of the "Motion," Defendant asks the Court to dismiss the case against him with prejudice, based on the alleged "negligence [sic] legal malpractice of attorne [sic] Stuart Adelstein and Chantell [sic] Doakes." *Id.* at 6. In the alternative, Defendant seeks "an appropriate evedintiary [sic] hearing on the issues raised here." *Id.*

Defendant's problems with Doakes and Adelstein have already been addressed by Judge Matthewman in multiple hearings during which the Court has found no fault with the representation provided by Doakes and Adelstein. The Court has devoted a tremendous amount of time to dealing with Defendant's personality problems and his abusive treatment of his former attorneys, and the Court has spent a lot of money paying for multiple attorneys to come up to speed in this case so that Defendant could have representation in this matter, despite his difficult personality. In addition, the Court has ensured that Defendant has received discovery in this case not just once, but at least twice,

and has arranged for Defendant to review discovery in the courthouse. Defendant has responded by filing the pending frivolous motion. Quite simply, there is absolutely no grounds for dismissing this case against Defendant, based on the actions of Doakes, Adelstein, or both, and the Court will not entertain any further motions by Defendant regarding Doakes or Adelstein. Nor has Defendant been prevented from reviewing discovery and preparing for trial. In short, Defendant's Motion is frivolous and is **DENIED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 27th day of August 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

The Honorable William Matthewman

Counsel of Record

Rogerio Scotton
Reg: 99370-004
F.D.C. Miami
P.O. Box 019120
Miami, Florida 33701