UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60049-CR-ROSENBAUM/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGERIO CHAVES SCOTTON,

    Defendant.
_____/



## REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE MOTION TO QUASH GOVERNMENT SUBPOENA AND DISMISS THE INDICTMENT AS A SANCTION FOR PROSECUTORIAL MISCONDUCT [DE 164]

THIS CAUSE is before the Court pursuant to an Order of Reference from United States District Judge Robin S. Rosenbaum [DE 175]. Before the Court is Defendant, Rogerio Chaves Scotton's *pro se* Motion to Quash Government Subpoena and Dismiss the Indictment as a Sanction for Prosecutorial Misconduct [DE 164], to which the Government responded [DE 187]. This Court held a hearing on the matter on October 23rd, 2013, and this matter is now ripe for review.[1]

Defendant argues that the Government committed misconduct by improperly serving trial subpoenas on his stepfather on two separate occasions in 2012 and 2013. Specifically, Defendant argues that, in serving the trial subpoenas, the Government improperly engaged in witness intimidation. The Defendant also argues that the subpoenas were served in bad faith. However, Defendant offers no proof to support his allegations, such as affidavits or witness

---

[1] Although this Court could enter an Order on Defendant's Motion to Quash Government Subpoena, it has elected to address that portion of Defendant's Motion within this Report and Recommendation concerning Defendant's Motion to Dismiss the Indictment as a Sanction for Prosecutorial Misconduct [DE 164], as these two matters are closely related and contained within the same Motion.

testimony. In its written Response [DE 187] and during the October 23rd hearing, the Government denied Defendant's allegations, and maintained that the trial subpoenas were properly served and that it never engaged in any physical or verbal intimidation of Defendant's stepfather or mother. The two trial subpoenas at issue were filed as Court exhibits 1 and 2 at the October 23rd, 2013 hearing [DE 193]. The Court carefully reviewed both subpoenas and found them to be proper trial subpoenas.

"It is well-settled that district courts may exercise their discretionary power to dismiss an indictment on grounds of prosecutorial misconduct where a sufficient showing of prejudice has been made." *United States v. Accetturo*, 858 F.2d 679, 681 (11th Cir. 1988). A defendant must demonstrate that he has suffered prejudice in order to prevail on a motion to dismiss the indictment for prosecutorial misconduct. *Id.* However, district courts should employ this sanction sparingly, as it is an extreme remedy. *Id.*

Here, Defendant has not substantiated his allegations of prosecutorial misconduct. He has merely asserted what he believes occurred when the trial subpoenas were served outside his presence. Defendant has utterly failed to bring forth any evidence to support his factual allegations of prosecutorial misconduct. His claim that the two trial subpoenas were served in bad faith is meritless. Defendant has not offered any affidavits or witness testimony to substantiate his accusations that service of the trial subpoenas was improper or done in bad faith or that the Government has engaged in any form of witness intimidation. Nor has he made any showing of any alleged prejudice.

In light of the foregoing, and for those reasons stated on the record, it is hereby

**RECOMMENDED** that Defendant's *pro se* Motion to Quash Government Subpoena and Dismiss the Indictment as a Sanction for Prosecutorial Misconduct [DE 164] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the denial be without prejudice to the Defendant filing, if he chooses, a more detailed motion with supporting affidavits. In the event such motion and affidavits are filed, the Court can determine whether Defendant's motion and affidavits are sufficient to require the setting of an evidentiary hearing.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Robin S. Rosenbaum within five (5) business days (until November 4th, 2013) after being served with a copy. The Court is expediting any objections to this Report and Recommendation based upon the imminent trial date and pursuant to S.D. Fla. Local Mag. J. R. 4(a). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice.")

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of October, 2013.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE