UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60049-CR-ROSENBAUM/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

      v.

ROGERIO CHAVES SCOTTON,

    Defendant.

_____/

FILED by _____ D.C.

OCT 2 5 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE MOTION (A) TO DISMISS INDICTMENT, (B) TO REMOVE PROSECUTOR MITRANI FROM THE CASE AND/OR (C) TO REMOVE AGENT VAN BRUNT FROM THE CASE [DE 178]

THIS CAUSE is before the Court pursuant to an Order of Reference from United States District Judge Robin S. Rosenbaum [DE 179]. Before the Court is Defendant, Rogerio Chaves Scotton's *pro se* Motion (A) to Dismiss Indictment, (B), to Remove Prosecutor Mitrani from the Case and/or (C) to Remove Agent Van Brunt from the Case [DE 178], to which the Government responded [DE 188]. This Court held a hearing on the matter on October 23rd, 2013, and this matter is now ripe for review.

In his Motion [DE 178], Defendant alleges five separate examples of prosecutorial misconduct which warrant dismissal of the Second Superseding Indictment [DE 94]. First, Defendant argues that the Government improperly edited a piece of videotape evidence [DE 178 ¶ A]. Second, Defendant argues that the Government fabricated two letters from the United States Citizenship and Immigration Services ("USCIS"), pertaining to his immigration status [DE 178 ¶ B]. Both of these letters were admitted into evidence as Defendant's Exhibits 1 and 2. The draft letter from USCIS to Defendant, marked as Defendant's Exhibit 1, denied Defendant's

application for status as a permanent resident of the United States, and according to Defendant, the Government relied on this letter at the March 29th, 2012 detention hearing. Defendant alleges that the letter, introduced as Defendant's Exhibit 1, is fabricated because USCIS did not render an official decision on his immigration status until two days after the March 29th, 2013 detention hearing [DE 178 ¶ B]. Essentially, Defendant argues that the Government used false documents from USCIS to form its basis for seeking pretrial detention against him. Third, Defendant alleges that FBI Special Agent Van Brunt removed various items from Defendant's "courthouse cell block." [DE 178 ¶ C]. Fourth, Defendant asserts that the Government improperly alleged that Defendant's marriage to his wife was a "sham," and the Government improperly removed photographs from his file which would demonstrate the validity of his marriage [DE 178 ¶ D]. Defendant also alleges that the Government, particularly Agent Van Brunt, wrongfully accused Defendant's mother of fabricating receipts to be used at trial, and also appeared at her home with "guns and tasers." [DE 178 ¶ E].

Defendant argues that, as an alternative remedy to dismissing the Second Superseding Indictment, the Assistant United States Attorney assigned to this case—Ms. Bertha Mitrani, as well as FBI Case Agent Van Brunt—should be removed from the case for misconduct. Defendant alleges that they destroyed evidence, obstructed justice, and intimidated witnesses. Finally, Defendant seeks a continuation of the trial in light of the Government's interference with his ability to prepare his case.[1]

With respect to Defendant's allegation that the Government forged USCIS documents, the Government argues that the first letter, Defendant's Exhibit 1, is a draft denial letter which came out of Defendant's "A-File." [DE 188, p. 2]. On March 31st, 2012, USCIS mailed

---

[1] The Court advised Defendant that any motion for a trial continuance would be determined by Judge Robin S. Rosenbaum.

Defendant a final version of its denial of Defendant's I 495 Petition to Adjust Status [ *See* DE 28-1]. The Government flatly denies that it forged or fabricated any documents pertaining to Defendant's immigration status in any way. During the October 23rd, 2013 hearing, the Court heard testimony from Agent Van Brunt, and Defendant was afforded an opportunity to cross-examine him. Agent Van Brunt denied Defendant's allegations that he had falsified the USCIS documents, and stated that Defendant's Exhibit 1 was a draft denial letter which came out of Defendant's A-File. Additionally, Agent Van Brunt stated that Defendant's Exhibit 2 was obtained from USCIS.

"It is well-settled that district courts may exercise their discretionary power to dismiss an indictment on grounds of prosecutorial misconduct where a sufficient showing of prejudice has been made." *United States v. Accetturo*, 858 F.2d 679, 681 (11th Cir. 1988). A defendant must demonstrate that he has suffered prejudice in order to prevail on a motion to dismiss the indictment for prosecutorial misconduct. *Id.* However, district courts should employ this sanction sparingly, as it is an extreme remedy. *Id.*

The Defendant's unsubstantiated allegations provide no basis for disqualification of either AUSA Mitrani or Agent Van Brunt. Defendant offers absolutely no facts to support the serious accusations he makes in his Motion. The acts which Defendant asserts were committed by the Government were not observed by him and are based upon wild speculation. The Court heard testimony from Agent Van Brunt at the October 23rd hearing, and finds that the Government did not fabricate or falsify any documents pertaining to Defendant's immigration status. Agent Van Brunt was a credible witness. His testimony refuted Defendant's allegations as to the alleged Government fabrication of the USCIS documents. Defendant's other claims, which are completely unsupported by any facts whatsoever, are wholly meritless. Defendant

3

also fails to demonstrate any prosecutorial misconduct on the part of the Government which would justify the dismissal of the Second Superseding Indictment.

In light of the foregoing, and for those reasons stated on the record, it is hereby

**RECOMMENDED** that Defendant's *pro se* Motion (A) to Dismiss Indictment, (B), to Remove Prosecutor Mitrani from the Case and/or (C) to Remove Agent Van Brunt from the Case [DE 178] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant's motion to continue trial be determined by United States District Judge Robin S. Rosenbaum.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Robin S. Rosenbaum within five (5) business days (until November 4th, 2013) after being served with a copy.  The Court is expediting any objections to this Report and Recommendation based upon the imminent trial date and pursuant to S.D. Fla. Local Mag. J. R. 4(a).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice.")

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of October, 2013.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE