UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60049-CR-ROSENBAUM/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROGERIO CHAVES SCOTTON,

    Defendant.
_____/



FILED by \_\_\_\_\_ D.C.

NOV 0 5 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE EMERGENCY MOTION TO DISMISS, FOR MONETARY SANCTIONS AND FOR ISSUANCE OF RESTRAINING ORDER [DE 204]

THIS CAUSE is before the Court pursuant to an Order of Reference from United States District Judge Robin S. Rosenbaum [DE 205]. Before the Court is Defendant, Rogerio Chaves Scotton's *pro se* Emergency Motion to Dismiss, for Monetary Sanctions and for Issuance of Restraining Order [DE 204].[1] This matter is now ripe for review.

Defendant argues that the Government committed misconduct by intimidating witnesses. Specifically, Defendant alleges that three FBI agents went to his mother and stepfather's home and "flatly threatened them." [DE 204, p. 1]. Defendant argues that these actions warrant "immediate" dismissal of the Second Superseding Indictment [DE 204, p. 1; DE 94]. In the alternative, Defendant requests an evidentiary hearing, during which his mother, stepfather, and the three FBI agents would testify under oath [DE 204, p. 2]. Defendant also accuses the Government of destroying evidence, presenting false documents to the Court, blackmailing witnesses, interfering with his immigration status, and engaging in a "fishing expedition" by

---

1. Although Defendant characterizes his Motion as an emergency, the Court does not treat it as such [DE 205].

issuing subpoenas to Defendant's family and friends [DE 204, p. 5-6].

"It is well-settled that district courts may exercise their discretionary power to dismiss an indictment on grounds of prosecutorial misconduct where a sufficient showing of prejudice has been made." *United States v. Accetturo*, 858 F.2d 679, 681 (11th Cir. 1988). A defendant must demonstrate that he has suffered prejudice in order to prevail on a motion to dismiss the indictment for prosecutorial misconduct. *Id.* However, district courts should employ this sanction sparingly, as it is an extreme remedy. *Id.*

Here, Defendant has not substantiated his allegations of prosecutorial misconduct. He has merely asserted what he believes occurred outside of his presence. Defendant has utterly failed to bring forth any evidence to support his factual allegations of prosecutorial misconduct. His claim that the Government has engaged in witness intimidation is meritless. Defendant has not offered any affidavits or declarations to substantiate his accusations that the Government has engaged in any form of witness intimidation or other misconduct. Nor has he made any showing of any alleged prejudice. Furthermore, Defendant has not alleged facts with sufficient specificity and has not provided any affidavits to support a finding that an evidentiary hearing on this Motion is necessary.

In light of the foregoing, and for those reasons stated on the record, it is hereby

**RECOMMENDED** that Defendant's *pro se* Emergency Motion to Dismiss, for Monetary Sanctions and for Issuance of Restraining Order [DE 204] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Robin S. Rosenbaum within fourteen (14) days of being served with a copy of this Report and

Recommendation. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice.")

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of November, 2013.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE