UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60049-CR-ROSENBAUM/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

      v.

ROGERIO CHAVES SCOTTON,

    Defendant.

_____/



## REPORT AND RECOMMENDATION ON DEFENDANT'S *PRO SE* MOTION TO DISMISS THE INDICTMENT IN THIS MATTER AND/OR CHANGE VENUE [DE 218] AND DEFENDANT'S *PRO SE* MOTION TO RENEWED BRADY ISSUES, PROSECUTORIAL MISCONDUCT ISSUES, MAGISTRATE HARMLESS ERROR, CHANGE VENUE [DE 220]

THIS CAUSE is before the Court upon Defendant, Rogerio Chaves Scotton's *Pro Se* Motion to Dismiss the Indictment in this Matter and/or Change Venue [DE 218] and Defendant, Rogerio Chaves Scotton's *Pro Se* Motion to Renewed Brady Issues, Prosecutorial Misconduct Issues, Magistrate Harmless Error, Change Venue [DE 220], to which the Government filed a Response [DE 238]. These matters were referred to the undersigned by United States District Judge Robin S. Rosenbaum [DEs 219, 221].

In his motions, Defendant makes six separate arguments. First, Defendant accuses the Government of trying to intimidate his mother, Marina Colon, his stepfather, Carlos Manuel Colon, as well as other family members [DE 218, p. 2]. In particular, Defendant maintains that a "swat team" of FBI agents continues to go to Mr. and Mrs. Colon's home in an effort to intimidate them [DE 218, pp. 2, 13]. Defendant claims that the acts of intimidation on the part of the Government has caused his mother, Mrs. Colon, to go to the hospital twice [DE 218, p. 18].

Defendant supports these allegations with an affidavit[1] of Marina Colon and Carlos Manuel Colon [DE 218, p. 34]. In the affidavit, signed by both Marina Colon and Carlos Manuel Colon, Mr. Colon states that Agent Van Brunt came to his residence and workplace "to intimidate [him]." [DE 318, p. 34]. Mr. Colon also said that three FBI agents came to his home when he was at work and banged on "the door and kitchen window," which caused Mrs. Colon's blood pressure to rise [DE 218, p. 35]. The affidavit likened the Government's actions to "terrorism." [DE 218, p. 36]. Defendant maintains that dismissal of the Second Superseding Indictment is an appropriate sanction for misconduct the Government has committed by intimidating witnesses [DE 218, p. 4].

Second, Defendant argues that the Government has committed misconduct by destroying evidence, such as a surveillance video taken by FBI Special Agent Roy Van Brunt and an alleged "confession letter" by a Mr. Duarte [DE 218, pp. 4-5]. Third, Defendant maintains that the Government has destroyed his own personal files of materials he was using to prepare his case and that the Government fabricated an immigration letter and used it in order to have him detained pending trial [DE 218, pp. 4-5]. Fourth, Defendant seeks the turnover of certain *Brady* and *Kyles* files [DE 218, pp. 9-10]. Fifth, Defendant argues that the Government presented "irrelevant discovery" to the grand jury [DE 218, p. 14]. Finally, Defendant argues that the Government constantly spies on and monitors him, and restricts his phone and email access in jail [DE 218, p. 15]. Defendant appears to argue that the Government's actions constitute an orchestrated scheme to bring false charges against him [DE 218, pp. 10-11].[2] Defendant requested an evidentiary hearing on these issues, or, in the alternative, a change of venue in order

---

[1] Although Defendant submitted an affidavit in support of his Motion on December 2nd, 2013 [DE 218, p. 34], during the December 19th, 2013 evidentiary hearing, Defendant stated that he had never read the affidavit.
[2] Defendant also seeks recusal of the undersigned [DEs 218, p. 28; 220, pp. 15-16]. This portion of Defendant's Motion has already been addressed [DE 261].

to receive a fair trial [DE 218, pp. 12-13, 22].[3]

The undersigned granted Defendant's request for an evidentiary hearing, limited to the following issues:  1) Defendant's allegations, supported by the affidavit of Carlos Manuel Colon and Marina Colon [DE 218, p. 34], that the Government has committed acts of witness intimidation, including threats, against his mother, Marina Colon, and step-father, Carlos Manuel Colon and other family members; and 2) Defendant's allegations that AUSA Mitrani and Agent Van Brunt constantly "spy and monitor" him, as well as his family and defense team on a 24-hour basis, and restrict his phone and email in jail, all in an effort to prevent Defendant from preparing for trial [DE 223].

## The December 19th, 2013 Evidentiary Hearing

At the beginning of the December 19th, 2013 evidentiary hearing, Defendant requested that the matter be continued, in light of the fact that his grandmother had passed away recently. Defendant explained that he could not, as he was proceeding *pro se*, cross-examine his mother during the evidentiary hearing when she was still grieving the death of her mother.  When asked by the Court, Defendant explained that his grandmother lived in Brazil and he had last visited her in 2008.  The Court had set the December 19th, 2013 evidentiary hearing at the request of Defendant.  The Court had granted Defendant's request for the issuance of three Rule 17(b) subpoenas to his mother, step-father, and another family member in order to assure their appearance at the evidentiary hearing.  The Court had also arranged for the presence of a Portuguese interpreter to assist Defendant's mother in testifying at the evidentiary hearing.  In light of the rapidly-approaching January 2014 trial date, the numerous continuances obtained by Defendant over the course of this lengthy and protracted prosecution, his repeated motions to

---

[3] Defendant repeats the same arguments in his Motion to Renewed Brady Issues, Prosecutorial Misconduct Issues, Magistrate Harmless Error, Change Venue [DE 220].

dismiss due to alleged speedy trial violations, Defendant's history of making frivolous claims in this case, the difficulty of rescheduling the evidentiary hearing during the holidays and sufficiently before trial, the importance of promptly addressing Defendant's allegations of governmental intimidation and misconduct, and other factors, the Court denied Defendant's motion to continue the evidentiary hearing.  In lieu of Defendant's mother testifying at the evidentiary hearing, the Government offered to stipulate as to what her testimony would be.  However, Defendant ultimately denied this compromise and called his mother as a witness at the December 19th, 2013 evidentiary hearing.  The Court notes that it was Defendant's choice to subpoena his mother to the hearing and it was Defendant's choice to put his mother on the witness stand at the evidentiary hearing.

Three witnesses testified at the December 19th, 2013 evidentiary hearing:  Defendant's stepfather, Mr. Carlos Manuel Colon, FBI Special Agent Roy Van Brunt, and Defendant's mother, Mrs. Marina Colon.

### Testimony of Mr. Carlos Manuel Colon

As to the issue of whether Agent Van Brunt had engaged in witness intimidation tactics, Mr. Colon testified that Agent Van Brunt visited his place of employment one time, and the visit lasted more than thirty minutes.  The meeting was professional and not intimidating.  On another occasion, Agent Van Brunt also went to Mr. Colon's home and asked him to encourage Defendant to confess and to tell the truth.  According to Mr. Colon, Agent Van Brunt told him that if he did not testify on behalf of the Government at Defendant's upcoming trial, after being served with a subpoena, he would "have some problems."   Mr. Colon stated that he felt threatened "in a way" by Agent Van Brunt, but he denied being intimidated by Agent Van Brunt and stated that he acted professionally.

On another occasion, two FBI Agents visited Mr. Colon at his home.  The agents asked Mr. Colon to step inside their vehicle, and he agreed.  Mr. Colon stated that one agent sat in the front seat, and another agent sat in the back seat of the vehicle.  One of the agents pulled out a recording device, and the agents began to accuse Mr. Colon of conspiring with Defendant to have Agent Van Brunt and his wife killed.  Mr. Colon testified that the agents supported this accusation with an email, sent by Mr. Colon to a person he met at the Federal Detention Center, which mentioned Agent Van Brunt's wife by name.  Mr. Colon stated that he felt uncomfortable when the agents told him to get in the vehicle.  Although Mr. Colon was fearful that he may be arrested, he admitted that the agents never told him that he would be arrested.  Mr. Colon testified that the agents' actions were negatively affecting his mental health and making it difficult for him to concentrate on his schoolwork.  However, Mr. Colon stated that he has not had any further interaction with Agent Van Brunt since August, 2013, when he went to Mr. Colon's home to serve him with a trial subpoena.  Although Mr. Colon stated that he feels as though he is being followed, he testified that he does not attribute this to any particular conduct on the part of the Government.

### Testimony of FBI Special Agent Roy Van Brunt

Agent Van Brunt testified that he has not threatened or intimidated Mr. or Mrs. Colon, and stated that he first met with Mr. Colon when he returned Defendant's property to him after his arrest, and later returned to serve a trial subpoena.  As to the issue of whether the Government was spying on Defendant and his family and monitoring Defendant's phone calls and emails, Agent Van Brunt testified that he never followed Defendant's Mother, Mrs. Marina Colon, and did not request that a GPS tracking device be placed on Mr. and Mrs. Colon's vehicle.  Agent Van Brunt stated that he never made any surveillance request as to Defendant's

parents.  Agent Van Brunt also testified that he does not listen in on the calls Defendant makes from jail, and does not monitor Defendant's emails.

### Testimony of Mrs. Marina Colon

As to the issue of whether the Government had engaged in witness intimidation tactics, Mrs. Colon testified that, on the morning of October 18th, 2013, three law enforcement officers went to the home she shares with Mr. Colon.  The officers stated that they wanted to speak with her about Mr. Colon.  Although it was a brief encounter, Mrs. Colon stated that her interaction with the three officers may have made her feel nervous.  On two other occasions, Agent Van Brunt came to her home to serve a subpoena.  Mrs. Colon stated that these encounters with Agent Van Brunt were brief, but that she may have felt intimidated.  Ms. Colon testified that, on another occasion, three FBI agents came to the home she shares with Mr. Colon and began banging on the door and the kitchen window.  Mrs. Colon stated that she became terrified, although she admitted that none of the agents said anything intimidating.  The agents said that they wanted to speak with Mr. Colon, but they left after a few minutes because he was not home at the time.  Mrs. Colon testified that two agents later came back to her home and spoke with Mr. Colon outside of her presence.  Mrs. Colon also testified that United States Marshals had come to serve documents upon her a few days prior, but that they were polite.  Mrs. Colon stated that she feels intimidated because she suspects she is being followed and has become paranoid as a result.  Although Mrs. Colon stated that she does not know for certain who is following her, she is certain that they are affiliated with the FBI.[4]

---

[4] Contrary to Defendant's pre-hearing assertions in support of his request to continue the hearing, Mrs. Colon was composed during her testimony and did not appear to have any difficulty testifying or answering Defendant's questions.  At the conclusion of her testimony, Mrs. Colon began coughing and the Court allowed her husband to enter the courtroom and assist her in leaving the courtroom. She never required any medical treatment in court and she walked out of the courtroom with her husband.

### Analysis

"It is well-settled that district courts may exercise their discretionary power to dismiss an indictment on grounds of prosecutorial misconduct where a sufficient showing of prejudice has been made." *United States v. Accetturo*, 858 F.2d 679, 681 (11th Cir. 1988). A defendant must demonstrate that he has suffered prejudice in order to prevail on a motion to dismiss the indictment for prosecutorial misconduct. *Id.* However, district courts should employ this sanction sparingly, as it is an extreme remedy. *Id.*

The Defendant's allegations, and the testimony elicited at the December 19th, 2013 evidentiary hearing, provide no basis for dismissal of the Second Superseding Indictment or disqualification of either AUSA Mitrani or Agent Van Brunt. The testimony of Mr. and Mrs. Colon and Agent Van Brunt failed to support Defendant's allegations of Government misconduct, and failed to demonstrate that Defendant has suffered any prejudice. The testimony elicited at the December 19th, 2013 evidentiary hearing merely showed that the Government had engaged in appropriate investigatory exercises. The testimony did not suggest that Government agents had made any inappropriate verbal threats, or brandished any weapons, or otherwise acted violently during any of their interactions with Mr. and Mrs. Colon. Agent Van Brunt was a credible witness. His testimony refuted Defendant's allegations that the Government is spying on his family or monitoring his emails and phone calls. Defendant's claims of witness intimidation are wholly meritless. Defendant faces serious charges in this case, and the testimony elicited at the December 19th, 2013 hearing did nothing more than demonstrate that Government agents had used acceptable and customary means of conducting their investigation and gathering information. Defendant also fails to allege sufficient facts to support his allegations that the Government presented "irrelevant discovery" to the grand jury or to justify a

change of venue.[5]

In light of the foregoing, and also for the reasons stated in the Government's Response to Defendant's Motion Dismiss, Etc., [218] and Motion to Renew Brady Issues, Etc. [DE 220] [DE 238], it is hereby

**RECOMMENDED** that Defendant's *pro se* Motion to Dismiss the Indictment in this Matter and/or Change Venue [DE 218] and Defendant, Rogerio Chaves Scotton's *Pro Se* Motion to Renewed Brady Issues, Prosecutorial Misconduct Issues, Magistrate Harmless Error, Change Venue [DE 220] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Robin S. Rosenbaum within fourteen (14) business days after being served with a copy.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice.")

---

[5] As for Defendant's remaining allegations pertaining to the Government's destruction of evidence, fabrication of a letter from United States Citizenship and Immigration Services, and failure to turn over certain *Brady* and *Kyles* files, these have already been addressed in a prior Order and Report and Recommendation from this Court. *See* [DEs 197, 198].  The Defendant presented no basis for reconsideration of those issues.

**RESPECTFULY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 15th day of January, 2014.

WILLIAM MATTHEWMAN
United States Magistrate Judge