UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60049-CR-WILLIAMS/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGERIO CHAVES SCOTTON,

    Defendant.

_____/



FILED BY _____ D.C.

JUL 24 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR A SMITH DEPARTURE PURSUANT TO 18 U.S.C. § 3582(c)(2) [DE 685]**

THIS CAUSE is before the Court upon Defendant, Rogerio Chaves Scotton's *Pro Se* Motion for a Smith Departure pursuant to 18 U.S.C. §3582(c)(2) [DE 685] ("Motion") and the Government's Response [DE 718] ("Response"). Defendant has failed to file a Reply and the time for the filing of a reply has passed. This matter was referred to the undersigned by the Honorable United States District Judge Kathleen M. Williams. [DE 708].

### I.    Defendant's Motion

Defendant's Motion seeks a thirteen-month sentence reduction, or "Smith Departure pursuant to 18 U.S.C. §3582(c)(2), because "as a deportable alien [Defendant] faces the prospect of more severe prison conditions than if he was otherwise a United States Citizen." [DE 685, pg. 2]. The crux of Defendant's argument is that, because he is a deportable alien, he has been forced to serve his sentence in a stricter and higher security prison and he is unfairly ineligible to "spend the last six months of his sentence in a Community Correct Center and/or home confinement." [DE 685, pgs. 5-6]. He also points out that, as a deportable alien, he faces additional time in

1

immigration custody after his release from prison, while he awaits deportation. [DE 685, pg. 9]. Defendant equates the additional time in immigration custody to a "fortuitous increase in the severity of his sentence" [DE 685, pg. 10] and asserts that the alleged discrimination against him has resulted in the "excessive confinement" of Defendant "which constitutes cruel and unusual punishment." [DE 685, pg. 11].

## II.   The Government's Response

The Government filed a Response to Defendant's Motion on June 24, 2019. [DE 718]. In response, the Government asserts that Defendant's reliance on *Smith* is misplaced for three reasons. First, the Government argues that Defendant's case is procedurally distinguishable from *Smith* because there is a significant difference in the procedural posture of Defendant's case and that of Smith. Specifically, in *United States v. Smith,* 27 F.3d 649 (D.C. Cir. 1994), the defendant appealed his sentence on direct appeal to the DC Circuit Court of Appeals. Here, the Government points out, Defendant's conviction and sentence have been affirmed by the Eleventh Circuit Court of Appeals on direct appeal [DE 594, DE 596], and the Supreme Court has denied certiorari review [DE 633].

Second, the Government notes that 18 U.S.C. § 3582(c) provides that a district court may only modify an imprisonment sentence in three circumstances:

(1) Where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A);
(2) Where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or
(3) Where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).

The Government argues that Defendant's Motion does not implicate any of these three circumstances and therefore, Defendant's Motion "to request a belated downward departure based

2

on his immigration status simply does not fall with the ambit of § 3582." [DE 718, pg. 2].

Finally, the Government argues that Defendant's reliance on a case from the D.C. Circuit Court of Appeals is misplaced because the D.C. Circuit is not binding on this Court. [DE 718, pg. 3]. Instead, the Government points out, decisions from Eleventh Circuit Court of Appeals are binding on this Court, and the Eleventh Circuit has held that collateral consequences related to a defendant's alien status, such as removability, **cannot** be a basis for a downward departure of an imposed sentence. [DE 718, pg. 3].

### III. Analysis and Recommendation

The Court has carefully reviewed Defendant's Motion [DE 685] and the Government's Response [DE 718] and finds Defendant's Motion to be legally insufficient. Although Defendant's Motion states that he is seeking relief pursuant to 18 U.S.C. §3582(c)(2), that statute does not permit a reduction in a previously imposed sentence solely because a defendant is a deportable alien. Further, Defendant's Motion relies entirely on *United States v. Smith,* a D.C. Circuit case which is inapplicable here because it involved a different procedural posture and because it is not binding precedent in this Court. Finally, Defendant's Motion lacks merit as the Eleventh Circuit Court of Appeals has held that Defendant's status as a deportable alien is not a valid basis for a downward departure, reasoning that the effect of such a reduction "would be to favor aliens with more lenient sentences than citizens of this country who commit the same crime and have the same criminal history. *See United States v. Maung*, 320 F.3d 1305, 1308-1309 (11th Cir. 2003); *Estupinan-Gonzalez v. United States*, No. 17-15586-J, 2018 WL 6919305, at *4 (11th Cir. Nov. 28, 2018); *United States v. Telles-Milton*, 347 F. App'x. 522, 525 (11th Cir. 2009). Defendant's Motion is wholly frivolous Accordingly, the Court **RECOMMENDS** that Defendant's Motion [DE 685] be **DENIED**.

### IV. Notice of Right to Object

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kathleen M. Williams within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

The Clerk is **DIRECTED** to mail a copy of this Order to Defendant Rogerio Chaves Scotton, Reg. No. 99370-004, at D. Ray James Correctional Institution, Inmate Mail/Parcels, P.O. Box 2000, Folkston, GA 31537.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of July, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE