UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60049-CR-WILLIAMS/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

      v.

ROGERIO CHAVES SCOTTON,

    Defendant.

_____/



FILED BY _____ D.C.

JUL 29 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018, 18 U.S.C §3582(C)(1)(B) AND § 3582(C)(2)

THIS CAUSE is before the Court upon Defendant, Rogerio Chaves Scotton's *Pro Se* Motion to Reduce Sentence Pursuant to the First Step Act of 2018, 18 U.S.C. §3582(c)(1)(B) and §3582(c)(2) [DE 707] ("Motion"). The Government filed a Response [DE 719]. Defendant has failed to file a Reply and the time for the filing of a reply has passed. This matter was referred to the undersigned by the Honorable United States District Judge Kathleen M. Williams. [DE 708].

### I.    Defendant's Motion

Defendant asks the Court to reduce his sentence pursuant to the First Step Act of 2018, and 18 U.S.C. § 3582(c)(1)(B) and (c)(2). In his Motion, Defendant states that he filed a motion for similar relief in December of 2015, requesting a sentence reduction pursuant to Amendment 791 and § 3582(c)(2). Defendant further claims that the Honorable United States District Judge Federico A. Moreno incorrectly denied Defendant's Motion, stating that Amendment 791 was not retroactive. Defendant argues that when Judge Moreno denied the motion, Defendant's conviction was not yet final, and he was "entitled to a two-level reduction under the financial loss amount."

[DE 707, pg. 2]. Defendant claims that Judge Moreno violated his due process rights by denying the motion before Defendant's conviction became final and for denying the motion without allowing Defendant to file a reply. *Id.* He also argues that, because the First Step Act of 2018 has made numerous laws retroactive, Defendant is entitled to a reduction in his sentence. Defendant claims that he is currently unlawfully incarcerated and if he had received a two-level reduction in his sentencing guidelines, he would have been released from prison. Defendant asks the Court to review Judge Moreno's denial of his 2015 Motion "de novo and grant a sentence reduction to time served," or alternatively, to reduce Defendant's sentence pursuant to the First Step Act of 2018. [DE 707, pg. 3].

## II.     The Government's Response

The Government filed a Response to Defendant's Motion on June 24, 2019. [DE 719]. In response, the Government argues that Defendant's Motion should be denied because Defendant is not entitled to compassionate release under the First Step Act. The Government asserts that the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) by permitting a defendant to seek relief under that section after fully exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on behalf of the defendant, or 30 days after requesting the warden of the facility to bring such a motion. *See* First Step Act of 2018, § 603(b); 18 U.S.C. § 3582(c)(1)(A). [DE 719, pg. 3].[1] According to the Government, Defendant has not shown that he has complied with the requirements for filing a motion requesting relief under § 3582(c)(1), nor has he demonstrated any "extraordinary or compelling reasons" that show he is entitled to compassionate release or that warrant a reduction of his sentence. [DE 719, pg. 3]. Finally, the Government also asserts that there is no reason to "review the unlawful denial of [Defendant's] motion pursuant to

---

[1] Prior to the First Step Act, only the Bureau of Prisons, rather than defendants themselves, could bring a motion for compassionate release under § 3582(c)(1)(A).

amendment 791" because Amendment 791 is *not* retroactive. [DE 719, pg. 4, citing Defendant's Motion at DE 707, pg. 2].

### III.    Analysis and Recommendation

The Court has carefully reviewed Defendant's Motion [DE 707] and the Government's Response [DE 719] and finds Defendant's Motion to be legally insufficient. Although Defendant's Motion states that he is seeking relief pursuant to 18 U.S.C. §3582(c)(1)(A), Defendant has not demonstrated that he has fully exhausted his administrative remedies regarding an alleged failure of the Bureau of Prisons to seek compassionate relief, or that he in fact has requested the Bureau of Prisons to seek such relief on his behalf more than thirty days ago as required by § 3582(c)(1). Defendant has also not presented any basis upon which Defendant may qualify for compassionate release.

Further, there is no reason to "review the unlawful denial of [Defendant's] motion pursuant to amendment 791." Under § 3582(c)(2), a court may only grant a sentence reduction on the basis of a Guidelines amendment that the Sentencing Commission has expressly given retroactive effect. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) ("A court's power under § 3582(c)(2) ... depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."). Section 1B1.10(d) of the Sentencing Guidelines specifies which amendments are retroactive. Amendments 790, 791, and 792 are not included in U.S.S.G. § 1B1.10(d) and so do not have retroactive effect for purposes of a § 3582 motion. *United States v. Terry,* 758 F. App'x 888, 890 (11th Cir. 2019). Defendant's Motion is wholly frivolous Accordingly, the Court **RECOMMENDS** that Defendant's Motion [DE 707] be **DENIED**.

## IV.    Notice of Right to Object

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kathleen M. Williams within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

The Clerk is **DIRECTED** to mail a copy of this Order to Defendant Rogerio Chaves Scotton, Reg. No. 99370-004, at D. Ray James Correctional Institution, Inmate Mail/Parcels, P.O. Box 2000, Folkston, GA 31537.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE