UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12-cr-60049-Williams/Matthewman

United States of America,

v.

Rogerio Chaves Scotton,

        Defendant.
_____/

FILED BY KJZ D.C.

May 26, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S *PRO SE* MOTION [DE 728, 731]

THIS CAUSE is before the Court upon Defendant Rogerio Chaves Scotton's *pro se* Motion to Vacate His Judgment Because of Fraud on the Court to Assert Jurisdiction Pursuant to Fed. R. Crim. P. 12(b)(2). [DE 728, 731].[1] This matter was referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge. [DE 729].

The Government responded on March 18, 2020. [DE 735]. On March 31, 2020, Scotton filed a reply. [DE 736]. As such, the matter is fully briefed and ripe for review.

### Analysis and Discussion

In his Motion, Scotton attacks the sufficiency of the evidence relating to his underlying criminal conviction for mail fraud and asks the Court to vacate his conviction. The Government argues that this Court lacks jurisdiction to address the present motion. The Court agrees.

Scotton has been sentenced [DE 412]; his conviction has been affirmed on appeal [DE 616]; and the Supreme Court has denied certiorari review [DE 633]. Thus, Scotton's case is no

---

[1] On March 16, 2020, Scotton refiled the identical motion. [DE 731].

longer pending before this Court. *See United States v. Wolff*, 241 F.3d 1055, 1057 (8th Cir. 2001) (per curiam) (after final judgment was entered and the petitioner did not file a direct appeal, the proceedings were "no longer pending.").

In *United States v. Anthony*, 591 Fed. Appx. 894 (11th Cir. 2015), the Eleventh Circuit held that after it issued its mandate, a case is no longer pending. Accordingly, the Court held that the district court lacked authority to hear a motion brought under Federal Rule of Criminal Procedure 12(b)(3)(B) to dismiss an indictment which allegedly failed to state a claim. While the present Motion seeks to "vacate his judgment" rather than dismiss an indictment, the same logic applies. The case is not pending, and, therefore, the Court lacks jurisdiction to address the Motion. *Anthony*, 591 Fed. Appx. 894.

However, even if this Court had jurisdiction to consider Scotton's motion, it is clear that said motion is wholly frivolous and due to be denied.

Accordingly, for the above reasons, it is respectfully recommended that the Motion to Vacate His Judgment Because of Fraud on the Court to Assert Jurisdiction Pursuant to Fed. R. Crim. P. 12(b)(2), [DEs 728, 731], be **DENIED**.

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to Rogerio Chaves Scotton, 7797 Golf Circle Drive, Apartment 204, Margate, FL 33063.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with the United States District Judge within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to the Report and

Recommendation within that time period waives the right to challenge on appeal the District Court's Order based on unobjected-to factual and legal conclusions. 11th Cir. R. 3-1.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of May 2020.

_____
William Matthewman
United States Magistrate Judge